IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF THE STATE OF
FLORIDA, IN AND FOR POLK COUNTY
CIVIL DIVISION

JORDAN PUESCHELL, a minor, by and
through his natural guardians TOM
PUESCHELL and DIANE PUESCHELL,
and TOM PUESCHELL and DIANE
PUESCHELL, individually and jointly,

    Plaintiffs,

-vs-

CITY OF BARTOW, FLORIDA,

    Defendant.

_____/

CASE NO.:   53-20 11CA-00 2950 -0000-00

Sec. 11

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, JORDAN PUESCHELL, a minor, by and through his

natural guardians TOM PUESCHELL and DIANE PUESCHELL, and TOM PUESCHELL

AND DIANE PUESCHELL, INDIVIDUALLY AND JOINTLY, by and through their

undersigned attorneys, and sue Defendant, CITY OF BARTOW and allege:

### JURISDICTION AND VENUE

1.    This is a civil action for monetary damages based upon violations by

Defendant, while acting under color of state law, of certain rights guaranteed under the

United States Constitution by wrongfully and without just cause inflicting serious bodily

injury upon JORDAN PUESCHELL, a minor.

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the

First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and

pursuant to the common law of the State of Florida.

3.      Each and every cause of action described below arose in Polk County, Florida, and is a claim for damages in excess of Fifteen Thousand Dollars ($15,000.00).

4.      On September 9, 2008, Plaintiff, JORDAN PUESCHELL, a minor, furnished Defendant, CITY OF BARTOW, FLORIDA, the Florida Department of Financial Services, the Bartow Police Department and related entities, with a written notice of claim via certified mail, return receipt requested, pursuant to Florida Statute §768.28.  Plaintiff's written notice of claim was denied.  Plaintiff, complied with all conditions precedent, including the conditions precedent set forth in Florida Statute §768.28, prior to filing this civil action.  A true and correct copy of the written notice of claim is attached hereto as Exhibit "A".

## PARTIES AND GENERAL ALLEGATIONS

5.      Plaintiff, JORDAN PUESCHELL, a minor, TOM PUESCHELL and DIANE PUESCHELL were, at all relevant times, and continue to be, citizens of the United States and  residents of Polk County, Florida.  TOM PUESCHELL and DIANE PUESCHELL were, at all relevant times, and continue to be, the natural guardians of their minor son JORDAN PUESCHELL.

6.      The Defendant, CITY OF BARTOW, FLORIDA, was at all times material hereto, a duly incorporated municipality organized and existing under the laws of the State of Florida.

7.      Plaintiffs have employed the undersigned attorneys to prosecute this action and have agreed to pay said attorneys a reasonable fee for such services. Plaintiffs are entitled to recover reasonable attorneys' fees for the successful prosecution of this action pursuant to 42 U.S.C. § 1988.

8.     On or about August 15, 2008, Plaintiff JORDAN PUESCHELL, a minor, had concealed himself in a shed attached to the residence located at or near the 700 block of North Oak Avenue and East Church Street, Bartow, Florida.

9.     Bartow police officers had responded to a burglary complaint.  Officers with the Bartow Police Department located the Plaintiff in the shed by shining their flashlights through its window.  At this point, Plaintiff put his hands in the air and surrendered to the law enforcement authority.  Plaintiff was told to stay still and he complied.

10.     The next instant, officers from the Bartow Police Department broke down the shed's door and dispatched a K-9 officer to engage Plaintiff who was standing still with his arms in the air as instructed.  The K-9 officer dispatched and immediately jumped onto Plaintiff, forcing him to the ground and then started biting Plaintiff about his head, face and body ripping into Plaintiff's skull and tearing off pieces of scalp.  Plaintiff attempted to stand, but he was kicked to the ground by another police officer allowing the K-9 to continue its attack.  Plaintiff subsequently blacked out.

11.     Plaintiff, JORDAN PUESCHELL, a minor, was immediately taken by Bayflite Medical Transport to Tampa General Hospital for treatment of his severe scalp lacerations and puncture wounds.  Mr. Pueschell was treated and released from the hospital with sutures and instructions for follow up care.

## COUNT I
## VIOLATION OF FIRST, FOURTH, FIFTH AND FOURTEENTH AMENDMENTS

12.     Plaintiff realleges and incorporates by reference the allegations of paragraphs one (1) through eleven (11), as if fully set forth herein.

3

13.    The Defendant, CITY OF BARTOW, FLORIDA, is a real party in interest in this action by virtue of §§111.065-.071, Fla. Stat., pursuant to which CITY OF BARTOW, FLORIDA is obliged to defend and indemnify the liability asserted against it.

14.    Furthermore, CITY OF BARTOW, FLORIDA, was at all times aware that confrontations between police K-9 officers and individuals carried the potential for injury, loss of life, and other similar disastrous outcomes on the part of the individuals.

15.    Instead of instructing, training, and disciplining its police K-9 officers in special police programs and procedures in dealing with confrontations between police K-9 officers and individuals, CITY OF BARTOW, FLORIDA, implemented and maintained customs, policies and practices that constitute deliberate indifference to JORDAN PUESCHELL'S, a minor, civil rights and violated 42 U.S.C. §1983.

16.    Specifically, CITY OF BARTOW, FLORIDA:

        a.    Failed to train its officers in proper methods of taking a suspect into custody involving a K-9 officer and his dog;

        b.    Failed to properly discipline its K-9 officers when guilty of using excessive force on persons taken into custody; and

        c.    Failed to supervise its K-9 officers to avoid or curtail use of excessive force by these officers.

17.    As a direct and legal result of the Defendant, CITY OF BARTOW, FLORIDA, maintenance of customs, policies and practices that constituted deliberate indifference of its police officers to JORDAN PUESCHELL'S, a minor, civil rights, JORDAN PUESCHELL, a minor, suffered severe and disabling physical injuries, has been forced to endure great physical and mental pain and suffering, has lost the

4

capacity for the enjoyment of life, has sustained and will continue to sustain medical expenses, and has lost earning capacity. All of JORDAN PUESCHELL'S, a minor, injuries are permanent or continuing in nature.

WHEREFORE Plaintiff, JORDAN PUESCHELL, a minor, by and through his natural guardians, demands judgment for damages against Defendant, CITY OF BARTOW, FLORIDA, together with the costs of this civil action, and demands trial by jury on all issues so triable.

**COUNT II**
**CLAIM OF JORDAN PUESCHELL, A MINOR, FOR COMMON LAW NEGLIGENCE**

18.    Plaintiff realleges and incorporates by reference paragraphs one (1) through eleven (11), as if fully set forth herein.

19.    At all times material to this claim, Bartow Police officers were under a duty not to imperil JORDAN PUESCHELL's, a minor, physical emotional health and to refrain from utilizing excessive or inappropriate force.

20.    The Defendant, CITY OF BARTOW, FLORIDA, through its own acts or omissions and the acts or omissions of the Bartow Police officers was negligent by:

a.    The City of Bartow's failure to train its officers in the proper procedures for effecting the arrest of persons and in the use of force to effect an arrest;

b.    The City of Bartow's failure to properly monitor and supervise its officers to ensure that they understood and could properly effect established procedures for arresting persons and in the use of force, specifically with a police dog;

c.    The City of Bartow's failure to train its officers in proper methods of effecting arrests of persons using a police dog, all in violation of 42 U.S.C. §1983;

5

d.    The police officers' attempting to arrest, restrain and subdue an unarmed citizen, a minor, who posed no threat to the officers or to others, and who was compliant with the officers' demands.

21.    The CITY OF BARTOW, FLORIDA is responsible for the acts and omissions of its police officers under the Doctrine of Respondeat Superior.

22.    As a direct and legal result of the negligence on the party of the Defendant, CITY OF BARTOW, FLORIDA, as herein stated, JORDAN PUESCHELL, a minor, has suffered serious and permanent physical injuries, has been forced to endure great physical and mental pain and suffering, has lost the capacity for the enjoyment of life, has sustained and will continue to sustain medical expenses and has lost earning capacity. All of JORDAN PUESCHELL'S, a minor, injuries are permanent or continuing in nature.

WHEREFORE Plaintiff, JORDAN PUESCHELL, a minor, by and through his natrual guardians, demands judgment for damages against Defendant, CITY OF BARTOW, FLORIDA, together with the costs of this civil action, and demands trial by jury on all issues so triable.

## COUNT III
## BATTERY/EXCESSIVE FORCE

23.    Plaintiff incorporates by reference the allegations in paragraphs one (1) through eleven (11) as if fully set forth herein.

24.    The City of Bartow police officers intentionally battered JORDAN PUESCHELL, a minor, in the course and scope of their employment with CITY OF BARTOW, FLORIDA, resulting in injuries.

25.    The Defendant, CITY OF BARTOW, FLORIDA, is responsible for the acts and omissions of its police officers under the Doctrine of Respondent Superior.

6

26.     As a direct result of the conduct of the City of Bartow police officers, JORDAN PUESCHELL, a minor, suffered severe physical injuries, has been forced into physical and mental pain and suffering, has lost the capacity for the enjoyment of life, has sustained and will continue to sustain medical expenses, and lost earning capacity. All of JORDAN PUESCHELL's, a minor, injuries are permanent or continuing in nature.

WHEREFORE Plaintiff, JORDAN PUESCHELL, a minor, by and through his natural guardians, demands judgment for damages against Defendant, CITY OF BARTOW, FLORIDA, together with the costs of this civil action, and demands trial by jury on all issues so triable.

## COUNT IV
## CLAIM OF TOM PUESCHELL AND DIANE PUESCHELL

27.     Plaintiffs incorporates by reference the allegations in paragraphs one (1) through eleven (11) as if fully set forth herein.

28.     As a direct and legal result of the negligence of the defendant CITY OF BARTOW, FLORIDA, TOM PUESCHELL AND DIANE PUESCHELL, have incurred medical expenses for the care and treatment of their minor son, JORDAN PUESCHELL, and will continue to incur such expenses in the future.

29.     Prior to the initiation of this claim, Plaintiffs provided notice of their claim to the Florida Department of Financial Services, the CITY OF BARTOW, FLORIDA and other related entities including the Bartow Police Department, and further performed all conditions precedent to this action, including compliance with Section 728.28, Fla.Stat. (Attached hereto as Exhibits "B" and "C").

7

WHEREFORE Plaintiffs, TOM PUESCHELL AND DIANE PUESCHELL, demand judgment for damages against Defendant, CITY OF BARTOW, FLORIDA, together with the costs of this civil action, and demands trial by jury on all issues so triable.

DATED this _____ day of June, 2011.

Herbert J. Hofmann II, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 937355
Attorney for Plaintiff(s)

8